UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA A. JONES,<br><br>        Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 16-3053 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.    SUMMARY**

On May 3, 2016, plaintiff Alicia A. Jones filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted as the defendant in this action.

without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 4, 2016 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 24, 2013, plaintiff filed an application for Disability Insurance Benefits alleging disability beginning on February 13, 2012, due to myofascial syndrome thoracic spine, and carpal tunnel syndrome in both hands. (Administrative Record ("AR") 23, 164, 184). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on July 1, 2014. (AR 36-69).

On September 16, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 23). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: musculoligamentous strain of the cervicothoracic region, cervical and lumbar spine degenerative disc disease, left lateral elbow epicondylitis, tendinitis/tenosynovitis of the wrists, and status post left knee "meniscal tear" with a history of partial medial meniscectomy surgery (AR 25); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 26); (3) plaintiff essentially retained the residual functional capacity to perform medium work (20 C.F.R. § 404.1567(c)) with additional limitations[2] (AR 27); and (4) plaintiff was

---

[2]The ALJ determined that plaintiff could (i) lift and carry 50 pounds occasionally and 25 pounds frequently; (ii) stand and walk or sit for six hours of an eight hour day; and (iii) frequently reach, handle, climb, bend, balance, stoop, kneel, crouch, and crawl. (AR 27); see also 20 C.F.R. § 404.1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

capable of performing her past relevant work as a data entry clerk, file clerk, cashier, receptionist, cashier-checker, and secretary (AR 29-30).

On March 9, 2016, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing, in part, 20 C.F.R. § 404.1520). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the
///

burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014).

While an ALJ's decision need not be drafted with "ideal clarity," at a minimum it must describe the ALJ's reasoning with sufficient specificity and clarity to "allow[] for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); see generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with clarity and specificity). Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806

F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

### C. Evaluation of Subjective Symptoms in Disability Claims

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. § 404.1529(a), (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. § 404.1529(a); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *4-*10; SSR 96-7p, 1996 WL 374186, at *1-*5.[3] When an individual's subjective statements are

---

[3]Social Security Rulings reflect the Social Security Administration's ("SSA") official interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings). Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA recently republished SSR 16-3p making no change to the substantive policy interpretation regarding
(continued...)

5

inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8; SSR 96-7p, 1996 WL 374186, at *1-*3. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89.[4] An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10; SSR 96-7p, 1996 WL 374186, at *2, *4. An ALJ must clearly identify each statement given less weight and the particular evidence in the record which supports doing so. Treichler, 775 F.3d at 1103 (citation omitted). This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

///

---

[3](...continued) evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27. Such language suggests that SSR 16-3p is not retroactive where, like here, the ALJ issued the decision and the Appeals Council denied review before SSR 16-3p was "applicable" on March 28, 2016. Nonetheless, the issue of retroactivity need not be resolved here since neither party contends that SSR 16-3p should apply in this case, and the ALJ's evaluation of plaintiff's subjective complaints fails to pass muster whether SSR 16-3p or its predecessor, SSR 96-7p, governs.

[4]It appears to the Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

1    When an ALJ fails properly to discuss a claimant's subjective complaints,
2  the error may not be considered harmless "unless [the Court] can confidently
3  conclude that no reasonable ALJ, when fully crediting the testimony, could have
4  reached a different disability determination." Stout, 454 F.3d at 1056.

## IV. DISCUSSION

Here, the ALJ's decision contains little reference to plaintiff's subjective complaints and no discussion explaining the specific reasons why the ALJ rejected such complaints. At most, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent [with the record]," set forth the boilerplate description of the "two-step process" used for "considering the [plaintiff's] symptoms" – which he acknowledged required a finding as to the credibility of the claimant's subjective complaints to the extent they were not supported by the objective medical evidence – and then simply discussed the medical evidence supporting his residual functional capacity determination, including referring to certain complaints made by plaintiff to physicians and objective medical findings that did not support such complaints. (AR 27-29). The omission from the ALJ's decision of any specific evaluation of plaintiff's subjective complaints prevents the Court from conducting a meaningful review. Cf., e.g., Brown-Hunter, 806 F.3d at 489 ("[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination."); see generally Treichler, 775 F.3d at 1103 ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.") (citation omitted); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1226 (9th Cir. 2009) ("meaningful review of an administrative decision requires access to the facts and reasons supporting that decision"). Further, to the extent the ALJ's juxtaposition of

7

plaintiff's complaints to physicians against the objective findings of such physicians which did not support such complaints could be construed as an implicit finding that the ALJ rejected plaintiff's subjective complaints because they were not supported by objective evidence, such reason, by itself, would be insufficient. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) ("[O]nce the claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain.") (citation omitted); see also SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."); SSR 96-7p, 1996 WL 374186, at *6 ("[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded solely because they are not substantiated by objective medical evidence."); cf. Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) (ALJ's identification of conflict between claimant's hearing testimony and other statements made "in passing" and "in a different section than the credibility determination" insufficient to meet "requirements of specificity") (citation omitted).

As defendant suggests, the ALJ might have been able to provide sufficiently specific reasons for giving less weight to plaintiff's subjective statements. (Defendant's Motion at 3-5). Since the ALJ did not do so in his decision, however, this Court may not affirm the ALJ's non-disability determination on such grounds. See Trevizo, 871 F.3d at 675 (citations omitted); see also Brown-Hunter, 806 F.3d at 492 ("A clear statement of the agency's reasoning is necessary because [courts] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") (citation omitted).

| | |
|---|---|
| 1 | The Court cannot conclude that the ALJ's error was harmless, especially |
| 2 | considering that the ALJ's residual functional capacity assessment apparently does |
| 3 | not account for many significant functional limitations reflected in plaintiff's |
| 4 | subjective complaints.  (Compare AR 27 [ALJ's assessment that plaintiff had the |
| 5 | residual functional capacity to "lift and carry 50 pounds occasionally and 25 |
| 6 | pounds frequently"] with AR 48 [hearing testimony suggesting that plaintiff is |
| 7 | unable to lift even "half a gallon"]); see generally Brown-Hunter, 806 F.3d at 492 |
| 8 | (ALJ's failure to specify reasons for finding claimant testimony not credible "will |
| 9 | usually not be harmless [error]"). |
| 10 |       Accordingly, a remand is warranted to permit the ALJ to provide a |
| 11 | sufficiently specific evaluation of plaintiff's subjective complaints. |
| 12 | /// |
| 13 | /// |
| 14 | /// |
| 15 | /// |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

## V. CONCLUSION[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2017

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the Commissioner may wish to reassess the medical opinion evidence. For example, the ALJ's decision currently does not reflect whether the ALJ accurately considered the implications medical findings drawn from workers' compensation opinions may have for purposes of plaintiff's Social Security disability case. (AR 27-29); see, e.g., Booth v. Barnhart, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002) (Social Security decisions must reflect that the ALJ properly considered and accounted for pertinent differences between statutory schemes applicable in California workers' compensation cases vs. federal Social Security cases).

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (citation and internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).